IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| INAY WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>TRANSUNION LLC,<br><br>        Defendant. | Civil Action No. 24-6650<br>(RMB-MJS)<br><br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** comes before the Court on a Motion to Dismiss filed by Defendant TransUnion LLC ("Defendant"). [Docket No. 10.] Having considered the parties' submissions, the Court resolves the Motion without oral argument. FED. R. CIV. P. 78(b); D.N.J. LOC. CIV. R. 78.1(b). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED** and the Complaint **DISMISSED WITHOUT PREJUDICE**. Because Plaintiff Inay Williams ("Plaintiff") is proceeding *pro se* and did not file an opposition to the Motion to Dismiss, the Court will provide Plaintiff an opportunity to amend her pleadings to cure the deficiencies identified herein.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this *pro se* action against Defendant alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). [Compl., ¶ 1.] On April 16, 2024, Plaintiff alleges that she mailed Defendant "a notice disputing the information inside" her consumer credit report. [*Id.* ¶¶ 5–6.] Plaintiff's credit report allegedly "reflects inaccurate information on the monthly payment, past due amount, original balance, terms, balance,

balance updated, and status updated section" on Plaintiff's "BARCLAYS BANK/GAP", "Cap One Auto", "CRHSYLERCAP", and "USDOE/GLELSI" accounts. [*Id.* ¶¶ 10–13 & Exs. B–E.] Defendant purportedly received the notice on April 22, 2024, but has, *inter alia*, failed to conduct a reasonable investigation into the alleged inaccuracies, otherwise apprise Plaintiff of an investigation extension, correspond in any manner with her regarding the disputed accounts, and update Plaintiff's credit report with accurate information. [*Id.* ¶¶ 7–9, 25 & Ex. A.]

"As a result, [Plaintiff's] credit worthiness is negatively impacted because the credit reporting is materially misleading and is being interpreted incorrectly." [*Id.* ¶ 10.] Plaintiff further alleges that the inaccurate credit report "was disseminated multiple times, resulting in [her] being denied credit by COAF … and Flagship Cre on or about September 14, 2022."[1] [*Id.* ¶ 18.] "Plaintiff has been forced to deal with aggravation, emotional distress, mental anguish, loss of credit, humiliation, and embarrassment as a result of Defendant's action and inaction," which Plaintiff further claims "was willful and carried out in reckless disregard for a consumer's rights." [*Id.* ¶¶ 18–19.]

On June 3, 2024, Plaintiff filed the instant Complaint alleging seven violations of §§ 1681e(b) and 1681i(a) of the FCRA. [*Id.* ¶¶ 20–45.] Plaintiff is seeking actual, statutory, and punitive damages, costs and fees, and the removal of the allegedly inaccurate information from her credit report. [*Id.* ¶ 46.] The Court subsequently granted Plaintiff's application to proceed *in forma pauperis*. [Docket Nos. 1-3, 3.] After being granted an extension by the Clerk

---

[1] The Court need not decide whether the alleged denial of credit occurred in 2024, instead of 2022, which is likely a typographical error on Plaintiff's behalf, as it does not affect the review below.

of the Court, Defendant timely filed the pending Motion to Dismiss on May 20, 2025.[2] [Docket No. 10.] Plaintiff has not filed an opposition brief and the time do so has passed. *See* FED. R. CIV. P. 6(d); D.N.J. LOC. R. 7.1(d)(2).

## II.    LEGAL STANDARD

As a preliminary matter, although Plaintiff did not file an opposition to the pending motion, "the Court must address unopposed motions to dismiss a complaint on the merits." *Greene v. LexisNexis Risk Sols. Inc.*, No. CV 23-3107 (RMB-EAP), 2024 WL 471573, at *1 (D.N.J. Feb. 7, 2024) (internal citation omitted); *Est. of Casella v. Hartford Life Ins. Co.*, No. 09-2306, 2009 WL 2488054, at *2 (D.N.J. Aug. 11, 2009) (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)); *see Brown v. DiGuglielmo*, 418 F. App'x 99, 102 (3d Cir. 2011) ("We further held … that a Rule 12(b)(6) motion should not be granted without an analysis of the merits of the underlying complaint notwithstanding local rules regarding the granting of unopposed motions.").

A pleading is generally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires a plaintiff to allege "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

---

[2] On the same day, Defendant certified that it mailed Plaintiff a copy of the Motion to Dismiss via first class United States Mail, postage prepaid, to her address listed on the docket. [Docket No. 10 at 2.]

When considering a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a district court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Evancho v. Fisher*, 423 F.3d 347, 350–51 (3d Cir. 2005) (internal citations omitted). "However, a court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The proper role of the district court in reviewing the sufficiency of a complaint is thus limited: the issue is not "whether the plaintiffs will ultimately prevail" but "whether they are entitled to offer evidence to support their claims." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). "When presenting a Rule 12(b)(6) motion, the defendant bears the burden to show that the plaintiff has not stated a claim." *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016) (citation omitted).

Bearing in mind Plaintiff's *pro se* status, the Complaint is "to be liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted). Notwithstanding liberal construction, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Owens v. Armstrong*, 171 F. Supp. 3d 316, 328 (D.N.J. 2016) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). In

4

other words, *pro se* litigants are not exempt from complying with federal pleading standards. *See Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

## III. DISCUSSION

Plaintiff alleges that Defendant's conduct apropos the alleged credit report inaccuracies violated §§ 1681e(b) and 1681i(a) of the FCRA. [Compl., ¶¶ 20–45.] The FCRA seeks "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). Consistent with this purpose, the FCRA places certain duties on credit reporting agencies ("CRAs") who, like Defendant, "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). To enforce the FCRA, Congress has tailored a private right of action that allows consumers to sue CRAs who "willfully or negligently fail to comply with certain duties to consumers" under the statute. *Id.* at 859 (citing 15 U.S.C. §§ 1681n, 1681o). Two such duties are relevant to this case.

Section 1681e(b) of the FCRA provides, in relevant part: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and

5

(4) that injury was caused by the inclusion of the inaccurate entry. *See Hafez v. Equifax Info. Servs., LLC*, 666 F. Supp. 3d 455, 460–61 (D.N.J. 2023) (citing *Cortez*, 617 F.3d at 712–13).

The FCRA also confers on consumers the right to have negative information in their credit reports investigated (or "reinvestigated") for accuracy. Specifically, § 1681i(a) provides that if a consumer disputes information and properly notifies the CRA of the same, the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To state a claim under § 1681i, a plaintiff must—in addition to pleading inaccuracy—must establish that the CRA "(1) had a statutory duty to reinvestigate, and (2) would have discovered a discrepancy had it undertaken a reasonable investigation." *Stephens v. Equifax, Inc.*, No. 22-1940, 2023 WL 8531825, at *3 (D.N.J. Oct. 31, 2023) (citing *Cortez*, 617 F.3d at 713–14).

Defendant seeks dismissal of the Complaint in its entirety for one simple reason: Plaintiff, "as a threshold matter," has failed to "establish a reported inaccuracy" necessary to state a claim under either § 1681e(b) or § 1681i(a). *Cooke v. Experian Info. Sols., Inc.*, No. 1:22-CV-05375-KMW-EAP, 2024 WL 1142214, at *3 (D.N.J. Mar. 15, 2024) (citations omitted); *see* [Def.'s Br. at 3–7.] The Court agrees. "These two sections of the FCRA, § 1681e(b) and § 1681i(a), share [this] element in common." *Anigbogu v. Midland Credit Mgmt., Inc.*, No. 23-CV-21732 (MEF)(CLW), 2025 WL 99581, at *2 (D.N.J. Jan. 15, 2025). To make out a claim under § 1681e(b), a plaintiff must allege that the "inaccurate information was included in a consumer's credit report." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342 (3d Cir. 2022). Section 1681i(a) similarly requires a plaintiff to allege "that the reported information was in fact inaccurate." *Id.* at 344.

The Court of Appeals for the Third Circuit recently agreed with what many district courts in the circuit have reasoned: general allegations of inaccurate information in a consumer credit report are not sufficient to state a plausible violation of the FCRA. *See Anigbogu*, 2025 WL 99581, at *2 (collecting cases). In *Williams v. Experian Info. Sols., Inc.*, a *pro se* plaintiff brought suit under the FCRA for "the inclusion in his credit report of information that was 'inaccurate.'" No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024). The Third Circuit affirmed the 12(b)(6) dismissal of the complaint because it "[c]onsist[ed] almost entirely of conclusory allegations that Experian included 'inaccurate' information in his report." *Id.* Even the complaint's most specific allegation—that "the inaccurate information includes a credit card account from [a credit union] that represented a balance and a late payment"—"did not allege how or why that information was inaccurate or how [the defendant] should have reported it." *Id.*; *see also id.* at *1 n.2.

The allegations before the Court are nearly identical to those in *Williams*. Apart from the general, unelaborated allegations of "multiple inaccuracies", "inaccurate information", and "disputed accounts", the Complaint's specificity peaks at the allegedly "inaccurate information on the monthly payment, past due amount, original balance, terms, balance, balance updated, and status updated section" for four identified accounts in Plaintiff's credit report. [Compl., ¶¶ 5, 9–13.] Nor do Plaintiff's exhibits providing somewhat more detail of each disputed account explain at all *why* the enumerated fields are incorrect. *See* [Compl., Exs. B–E.] Consequently, Plaintiff "fails to state factually how, why, or in what manner the information about these [accounts] is inaccurate." *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640-KM-MAH, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019). As set forth, Plaintiff's

"allegations are too spare" and "not enough" to survive Defendant's Motion to Dismiss.[3] *Anigbogu*, 2025 WL 99581, at *2 (internal citation omitted) (granting TransUnion's 12(b)(6) motion to dismiss plaintiff's claims under §§ 1681e(b) and 1681i(a) for merely alleging "that this credit report [was] 'inaccurate'").

### IV.   CONCLUSION

For the foregoing reasons, Defendant TransUnion LLC's Motion to Dismiss is **GRANTED** and the Complaint **DISMISSED WITHOUT PREJUDICE**. Out of an abundance of caution and to afford her a sufficient opportunity to put forward her claims as a *pro se* litigant, the Court will permit Plaintiff Inay Williams an opportunity to amend the Complaint. Accordingly, within thirty (30) days Plaintiff shall file an Amended Complaint succinctly stating what her claims are and a brief summary of the facts supporting them. Failure to do so will result in a dismissal with prejudice. An accompanying Order shall issue.

**December 15, 2025**               **/s/Renée Marie Bumb**
Date                                                RENÉE MARIE BUMB
                                                         Chief United States District Judge

---

[3] Because Plaintiff has not stated a plausible underlying violation of either § 1681e(b) or § 1681i(a), there is no reason to address whether the Complaint adequately alleges that Defendant willfully violated the FCRA, as Defendant additionally argues. [Def.'s Br. at 7.]